McGEE, Respondent, v. CITY OF BROOKLYN, Appellant.

(City Court of Brooklyn, General Term. March 27, 1893.)

Action by William McGee against the city of Brooklyn to recover the amount of an award made for land taken for a public street.

Almet F. Jenks, for appellant.
Frank N. O'Brien, for respondent.

PER CURIAM. This is one of the many cases that have arisen under what is commonly known as the "North Second Street Widening Act," and is brought to recover the amount of an award made for land taken under said act. The act in question was passed April 19, 1871, and the land was taken by force of the act. At that time one Charles R. Schultz was the owner of the lot, a portion of which was taken. On January 10, 1874, he conveyed the same to one Caroline S. Schwartz. and she, on March 20, 1876, conveyed said premises to Sarah F. Mann. The report of the commissioners of estimate appointed under said act was confirmed November 9, 1876, and by their report they made an award of $1,600 to the said Caroline S. Schwartz, for so much of the lot so as aforesaid conveyed as was taken for said widening. Under certain mesne conveyances, with full covenants of warranty, the whole of said lot, including in the description thereof the strip so taken, was conveyed to the plaintiff, who brings this action to recover the amount of said award. Plaintiff had judgment below, and defendant appeals. The cases of Engelhardt v. City of Brooklyn, 21 N. Y. Supp. 777, and Delap v. Same, 22 N. Y. Supp. 179, (decided at the March general term,) involved substantially the same points as are raised in this case, and we there expressed our views as to the questions arising here. For the reasons stated in our opinions in those cases, the judgment herein appealed from must be affirmed, with costs.

---

(2 Misc. Rep. 29.)

HUGHES, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant.

(Superior Court of Buffalo, General Term. December, 1892.)

Appeal from trial term.
Action by John Hughes against the New York Central & Hudson River Railroad Company for personal injuries, resulting from defendant's negligence. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.
Argued before TITUS, C. J., and WHITE, J.

James F. Gluck, for appellant.
John Cunneen, for respondent.

WHITE, J. The facts in this case are substantially the same as those in the case of Moore v. Same Defendant, 21 N. Y. Supp. 436, the plaintiff having been injured by the same accident; and it is agreed by the parties that the decision in that case shall govern this one, and so the judgment and order appealed from should be affirmed, with costs.